[50 NYS3d 534]

In the Matter of CHARLES A. PETITTO (Admitted as CHARLES ANGELO PETITTO), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 5, 2017

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* counsel), for petitioner.

*Albert Van-Lare*, New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

Charles A. Petitto, admitted as Charles Angelo Petitto (hereinafter respondent), has submitted an affidavit sworn to on November 2, 2016, in support of his application to resign as an attorney and counselor-at-law (*see* 22 NYCRR 1240.10).

The respondent acknowledges in his affidavit that he is the subject of disciplinary charges pending before this Court set forth in a petition dated January 12, 2016, and a supplemental petition dated April 30, 2016. He acknowledges that the charges include the following acts of professional misconduct: that he misappropriated funds entrusted to him by Eusylvia Charles, the purchaser in a real estate transaction where he represented the seller; that he failed to cooperate with the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts in connection with its investigation into allegations of professional misconduct against him; and that he misappropriated funds entrusted to him in relation to a real

estate transaction where he represented the purchaser, Yvette Merilan.

Further, the respondent acknowledges that he is currently the subject of an investigation of additional allegations of misconduct alleging that he neglected several clients' legal matters, and that he failed to fully account for monies entrusted to him in relation to those matters.

The respondent avers that he cannot successfully defend against the charges and allegations based upon the aforementioned facts and circumstances of his professional conduct.

The respondent further acknowledges that his resignation is freely and voluntarily rendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation.

Additionally, the respondent consents to the entry of an order by the Court, pursuant to Judiciary Law § 90 (6-a), directing that he make monetary restitution to the following persons in the amounts indicated: Eusylvia Charles, in the amount of $20,000, and Yvette Merilan, also in the amount of $20,000. The respondent further acknowledges that his resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90 (6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the Court's continuing jurisdiction to make such an order.

The respondent also acknowledges and agrees that pending the issuance of an order granting his application to resign, he shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.

Lastly, the respondent acknowledges that in the event that the Court grants his application to resign, the order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including his affidavit in support of his application to resign, shall be deemed public records pursuant to Judiciary Law § 90 (10).

The Grievance Committee recommends that the Court grant the respondent's application to resign.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 1240.10, the application is granted,

effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law. In view of the respondent's disbarment, the disciplinary proceeding authorized by the decision and order of this Court dated April 25, 2016 (2016 NY Slip Op 71411[U]), is discontinued, and the Grievance Committee's motion to adjudicate the respondent in default, which was filed prior to the respondent's application to resign and is currently pending before this Court, is denied as academic.

Eng, P.J., Rivera, Dillon, Balkin and Cohen, JJ., concur.

Ordered that the application of Charles A. Petitto, admitted as Charles Angelo Petitto, to resign as an attorney and counselor-at-law is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Charles A. Petitto, admitted as Charles Angelo Petitto, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Charles A. Petitto, admitted as Charles Angelo Petitto, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Charles A. Petitto, admitted as Charles Angelo Petitto, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the respondent, Charles A. Petitto, admitted as Charles Angelo Petitto, shall make monetary restitution to Eusylvia Charles, in the amount of $20,000, and to Yvette Merilan, in the amount of $20,000, pursuant to Judiciary Law § 90 (6-a); and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent, Charles A. Petitto, admitted as Charles Angelo Petitto, shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to Eusylvia Charles or Yvette Merilan; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment, and such judgment

shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein, minus any amount reimbursed by the Lawyers' Fund for Client Protection or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such party; and it is further,

Ordered that if Charles A. Petitto, admitted as Charles Angelo Petitto, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated April 25, 2016 (2016 NY Slip Op 71411[U]), is discontinued; and it is further,

Ordered that the Grievance Committee's motion to adjudicate the respondent in default is denied as academic.